UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YES I CAN LICENSED BEHAVIOR ANALYST
PLLC et al.,

                              Plaintiffs,

              -v-

GREEN TREE CAPITAL et al.,

                              Defendants.

24 Civ. 7360 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On October 1, 2024, this Court received an *ex parte* application from plaintiffs Yes I Can Licensed Behavior Analyst PLLC et al. (collectively, "Yes I Can") for entry under Federal Rule of Civil Procedure 65 of an order that would temporarily enjoin defendants from collecting debts that two state court judgments had found to be owed. *See* Dkt. 7. The Court denied as improper the request for *ex parte* relief, but set a schedule for a renewed application. *See* Dkt. 9.

On October 2, 2024, plaintiffs served defendants with a renewed application for temporary injunctive relief. Dkt. 11. On October 7, 2024, the Court received a series of letters from defense counsel alerting the Court to plaintiffs' counsel's stated intention to move for duplicative relief in state court. Dkts. 14, 16. Plaintiffs disputed that point. Dkt. 15. This Court issued an order declining to comment on the propriety of plaintiffs' putative application for relief in state court, while stating, for the benefit of state-court counterpart(s), the Court's preliminary assessment that it lacked jurisdiction to grant the relief sought. Dkt. 21. Today, October 9, 2024, defendants filed responses to plaintiffs' renewed application in this Court for emergency relief. Dkts. 24–27, 29. Defendants' response alerted this Court to the fact that plaintiffs, on October 8, 2024, had filed a petition in state court, while the motion before this Court was

1

pending, which seeks relief with respect to the enforcement of the same two state court judgments about which plaintiffs seek relief in this Court. *See* Dkt. 25 (¶ 25) & Ex. Q.

The Court denies plaintiffs' application for temporary injunctive relief, finding this application meritless for multiple independent reasons. In the interest of expedition, the Court here addresses only three.

First, it overwhelmingly appears that the Court lacks subject matter jurisdiction over the action. As such, plaintiffs cannot claim either a likelihood of success on the merits of this chance or even a fair chance of success on the merits, as required for entry of preliminary injunctive relief. *See Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 33 (2d Cir. 2010). Under the *Rooker-Feldman* doctrine, a federal court is barred from adjudicating claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine applies when four requirements are satisfied: (i) the federal-court plaintiff has lost in state court, (ii) the plaintiff complains of injuries caused by a state-court judgment, (iii) the plaintiff invites district court review and rejection of that judgment, and (iv) the state court judgment was rendered before the district court proceedings commenced. *See id.* These elements clearly appear to be met here. Judgment was entered against plaintiffs in state court on September 23, 2024, and September 26, 2024. *See* Dkt. 7 (Ex. 1). Plaintiffs seek temporary injunctive relief from those judgments in federal court. *Id.* And judgment was rendered before proceedings in this court were initiated on September 29, 2024. Dkt. 1.

Second, plaintiffs' bid for injunctive relief is squarely foreclosed by the doctrine of *Younger* abstention, which prohibits federal courts from enjoining or otherwise interfering in ongoing state proceedings. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quoting *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 13 (1987)). That is precisely what plaintiffs seek. As defendants alerted this Court to, plaintiffs have filed a state court petition while the present motion was pending. *See* Dkt. 25 (¶ 25). That petition seeks substantially similar relief to that which plaintiffs seek here. Issuing the requested relief on the application before this Court would "interfere with the execution of state judgments," thus requiring this Court, as mandated under *Younger*, to "stay its hand." *Pennzoil*, 571 U.S. at 14.

Third, the Anti-Injunction Act bars federal actions that attempt to enjoin state court foreclosure proceedings. *See, e.g., Lau v. Specialized Loan Servicing*, LLC, No. 23 Civ. 1385, 2024 WL 3219810, at *11 n.8 (S.D.N.Y. June 27, 2024); *Ajaero v. Obama*, No. 23 Civ. 8096, 2023 WL 7386583, at *5 (S.D.N.Y. Nov. 7, 2023). Plaintiffs' application for emergency relief seeks such an injunction, in that plaintiffs seek relief from a judgment entered in a state court debt collection proceeding. For this reason, too, the preliminary relief plaintiffs seek in this Court is unavailable, and, insofar as plaintiffs' overall action in this Court similarly seeks such relief, plaintiffs have not shown any prospect of success on the merits.

Plaintiffs' application for emergency injunctive relief is therefore DENIED.

SO ORDERED.

                                                                              Paul A. Engelmayer
                                                                              United States District Judge

Dated: October 9, 2024
       New York, New York