UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YES I CAN LICENSED BEHAVIOR ANALYST          Civ. A. No. 1:24-cv-7360
PLLC; TRIUMPH BEHAVIOR SUPPORT LLC,
YES I CAN SERVICES INC; YICIF LLC;
METROPOLITAN MENTAL HEALTH PC;
ZAREPHATH INC.; YIC REALTY AZ LLC;
SIMCHA FELLER; and ROCHEL ITA FELLER,

                                        Plaintiffs,

-vs-

GREEN TREE CAPITAL, LLC; DELAWHO
HOLDINGS    LLC;   JONATHAN   BRAUN;
YITZCHOK WOLF a/k/a ISAAC WOLF; SARA
BETYAKOV  A/K/A  SARAH  BEITYAKOV;
MATTHEW  STAFFORD;  ARIEL  BOUSKILA;
STEVEN  BERKOVITCH;  BERKOVITCH  &
BOUSKILA, PLLC; ABC CORPORATIONS 1-10;
JOHN DOES 1-10; and JOHN DOE INVESTORS
1-10;
                                        Defendants.
-----------------------------------------------------------------X

---

### DEFENDANTS ARIEL BOUSKILA, STEVEN BERKOVITCH, AND BERKOVITCH & BOUSKILA, PLLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

---

Murray Legal PLLC
Christopher R. Murray, Esq.
*Attorneys for Defendants*
Ariel Bouskila, Steven Berkovitch, and Berkovitch & Bouskila, PLLC
170 Old Country Rd., Ste 608
Mineola, NY 11501
Tel: (516) 260-7367
E-mail: cmurray@murraylegalpllc.com

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 2

PROCEDURAL HISTORY.................................................................................................... 3

ARGUMENT ...................................................................................................................... 6

  I.    THE COURT LACKS SUBJECT MATTER JURISDICTION......................................... 6

    A.   The Rooker-Feldman Doctrine Deprives the Court of Subject Matter Jurisdiction to Hear Plaintiffs' Claims...........................................................................................................7

    B.   The Court Does Not Have Subject Matter Jurisdiction to Modify New York State Judgments. ....................................................................................................................... 9

    C.   The Court Does Not Have Federal Question Jurisdiction Because There Is No Basis for the Federal RICO or Conspiracy Claims. .............................................................. 10

    D.   The Court Should Decline to Exercise Supplemental Jurisdiction Over the State Law Claims .............................................................................................................................11

  II.    THE COURT LACKS PERSONAL JURISDICTION OVER B&B LAW. ................. 12

  III.   PLAINTIFFS' CLAIMS ARE BARRED BY RES JUDICATA. ................................... 13

  IV.  PLAINTIFFS' HAVE FAILED TO STATE A CLAIM AGAINST B&B LAW. ......... 13

    A.   B&B Law Should Be Dismissed as Defendants Because Plaintiffs Cannot Sue B&B Law for Representing Their Client. ................................................................................. 14

    B.   Plaintiffs Have Not Pled Anything Even Approaching Viable RICO Claims Against B&B Law............................................................................................................................ 17

    C.   Plaintiffs' Breach of Contract and Fraud Claims Fail as Against B&B Law. ............... 18

    D.   The Court Should Dismiss Plaintiffs' Request for Declaratory Judgment Claim.......... 19

    E.   The Court Should Dismiss Plaintiffs' Wrongful Restraint and Execution / Trespass to Chattel Claim. ................................................................................................................. 22

    F.   The Individual Plaintiffs Have No Claims Against B&B Law. .................................... 24

CONCLUSION.................................................................................................................... 25

## PRELIMINARY STATEMENT

Defendants BERKOVITCH & BOUSKILA, PLLC, STEVEN BERKOVITCH, and ARIEL BOUSKILA (collectively "B&B Law"), who are themselves the attorneys for Green Tree Capital, LLC ("Green Tree"), submit this Memorandum of Law in Support of their Motion to Dismiss this action in its entirety for: (1) lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); (2) lack of personal jurisdiction; (3) *res judicata*; and (4) failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have compounded the egregiousness of their facially meritless action in this case by asserting claims against B&B Law for the sole purpose—*as Plaintiffs' attorney brags*—of gaining leverage to extort a favorable settlement against their client, Green Tree.

At its heart, this action is nothing more than a frivolous attempt to vacate a judgment that was entered in the Supreme Court of the State of New York prior to the commencement of this action. Plaintiffs have done so because they did not like the outcome of litigation in state court, which rejected all of their substantive arguments, and because Plaintiffs' counsel wants to harass B&B Law for representing a client in state court.

This action should be dismissed because the Court does not have subject matter jurisdiction due to *Rooker-Feldman* doctrine as this case is nothing more than in impermissible appeal of a state court judgment. Plaintiffs' addition of a RICO claim is not sufficient to provide this Court federal question subject matter jurisdiction where the RICO claim is so baseless that Plaintiffs fail to even assert ripe RICO damages, facts pertaining to a conspiracy or even a substantive RICO violation. Additionally, because Plaintiffs' usury allegations are baseless as a matter of law, the RICO claim fails because there can be no underlying RICO violation, as does this Court's Federal Question subject matter jurisdiction. Likewise, the Court should decline to exercise supplemental

jurisdiction or provide a declaratory judgment over what are clearly only state law claims that are themselves improper as a matter of law.  Alternatively, this action must be dismissed based on *res judicata* because the issues were resolved in state court —final judgments under New York law. Plaintiffs here are attempting to raise the same allegations that already failed in state court when Plaintiffs challenged the prior judgment and the same underlying transaction.

The "claims" against B&B Law fall apart upon even a cursory inspection—Plaintiffs accuse B&B Law of nothing more than practicing law by filing legal papers, requesting entry of judgments by confession according to their terms, and enforcing those judgments.  Plaintiffs' inflammatory attempt to whip that up into a RICO and Conspiracy allegation reflect the very worst that the legal profession has to offer.  Ultimately, Plaintiffs' claims against B&B Law fall apart for the simple reason that they are meritless in every possible way.

The outrageousness of Plaintiffs' joining B&B Law into this case for filing confessions of judgment and otherwise representing a client against Plaintiffs in state court cannot be overstated. There is no good faith basis for suing Green Tree's attorneys in federal court for competently representing Green Tree in state court.  For the reasons set forth herein, B&B Law respectfully requests that the Court dismiss this case in its entirety.

## PROCEDURAL HISTORY[1]

Three separate judgments by confession have been successfully entered in Supreme Court, Kings County by B&B Law, on behalf of their client Defendant GREEN TREE CAPITAL LLC ("Green Tree").  The judgments were entered following Plaintiffs' default on a Merchant Cash Advance Agreement dated March 8, 2024 (the "MCA Agreement") between Defendant GREEN

---

[1] For brevity, this Motion sets out only relevant procedural history.  A more thorough recitation of the procedural history in this case, including the various motions for injunctions filed in state court, can be found in Defendants' Memorandum of Law in Opposition to Plaintiffs' Preliminary Injunction Motion.  ECF No. 29, and Exhibits.

TREE CAPITAL LLC ("Green Tree") on one side, and Plaintiff YES I CAN LICENSED BEHAVIOR ANALYST PLLC ("YIC") as the Merchant on the other side, with additional merchant parties listed in the MCA Agreement including Plaintiffs YICIF LLC, YES I CAN LICENSED BEHAVIOR ANALYST, PLLC, YES I CAN SERVICES INC., METROPOLITAN MENTAL HEALTH PC, ZAREPHATH INC., YIC REALTY AZ LLC, and TRIUMPH BEHAVIOR SUPPORT LLC (collectively the "Merchant Plaintiffs"), and including as Guarantors on the MCA Agreement Plaintiffs ROCHEL ITA FELLER and SIMCHA FELLER (collectively the "Guarantors"). The MCA Agreement, described more fully below, included Affidavits of Confessions of Judgment signed by Plaintiffs that formed the basis for the judgments by confession.

The first judgment was successfully entered by B&B Law in favor of their clients on April 16, 2024 in Supreme Court, Kings County, in *Green Tree Capital LLC v. Yes I Can Licensed Behavior Analyst PLLC, et al*, Index No.: 510826/2024. (the "First Judgment"). **Exhibit A**. Plaintiffs filed a plenary action to challenge the judgment in state court on April 22, 2024 in Supreme Court, Kings County that was assigned to Justice Boddie, entitled *Yes I Can Licensed Behavior Analyst PLLC, et al v. Green Tree Capital, LLC, et al*., Index No.: 511423/2024. In their plenary action complaint, Plaintiffs sought to vacate the judgment by confession for substantially the same reasons they argue in this case—primarily based upon allegations of usury and fraud. Specifically, Plaintiffs' first and second claims sought a declaration that the underlying agreement and judgment were void for usury. Plaintiffs' third and fourth claims were labeled "breach of contract" and "breach of good faith and fair dealing" but did not plead either claim and actually made arguments about usury and an argument about the attorneys' fee award. The fifth, sixth, and seventh claims were fraud, unjust enrichment, and another usury theory.

On July 7, 2024, following B&B Law's motion to dismiss on behalf its client, Plaintiffs filed an amended complaint.  Plaintiffs' amended complaint asserted four causes of action: (1) vacatur of the Judgment pursuant to CPLR 3218 as Green Tree's confession of judgment was purportedly obtained using an affidavit involving out-of-state parties; (2) vacatur of the judgment based on breach of contract because Green Tree allegedly never provided plaintiffs with $2.5 million; (3) vacatur of the judgment based on breach of contract and/or fraud for adding excessive attorneys' fees to the judgment; and (4) vacatur of the judgment based on alleged fraudulent inducement of plaintiffs by Green Tree for purportedly representing the transaction as a loan. Plaintiffs argued throughout their amended complaint that the agreement was a usurious loan and refer to usury no less than fifteen times in the amended complaint.

Plaintiffs make the same usury allegations in this action to bolster their first, second, and fourth claims for RICO, Conspiracy to commit RICO, and their request for a declaratory judgment regarding the MCA Agreement.  Plaintiffs also rely on the same usury allegations in their fifth cause of action seeking to vacate confessions of judgment.  B&B Law filed a motion to dismiss the amended complaint.  On September 20, 2024 Justice Boddie granted the motion to dismiss the first, second, and fourth causes of action in the amended complaint for failure to state a claim.

**Exhibit B** at p. 9.   In particular, and bearing on this case, Justice Boddie:

- Rejected Plaintiffs' argument, also made in this case, that the First Judgment was invalidly filed against out of state parties, because Green Tree was entitled to rely on the relevant affidavit of confession which stated that the parties against whom judgment was entered resided in Kings County;

- Dismissed Plaintiffs' second cause of action because the face of the MCA Agreement refuted Plaintiffs' argument, also made in this case, that the contract was breached because they never received $2.5 million; and

- Dismissed Plaintiffs' fourth cause of action because the face of the MCA Agreement refuted Plaintiffs' argument, also made in this case, that Green Tree misrepresented the MCA Agreement as a loan.

**Exhibit B**, pp. 7-8. Implicit in Justice Boddie's ruling was a rejection of Plaintiffs' argument that the MCA Agreement was a loan that was void for usury. The sole rationale adopted by Justice Boddie was the purely technical argument that the First Judgment lacked sufficient documentary support for entry of the attorneys' fees award. **Exhibit B**, p. 4. The state court preserved Plaintiffs' third claim only insofar as it arose from the technical argument about attorneys' fees. **Exhibit B**, p. 9. Thereafter, judgments were entered in Supreme Court, Kings County by B&B Law in favor of their clients on September 23, 2024, without seeking attorneys' fees consistent with Justice Boddie's ruling styled *Green Tree Capital LLC v. Yes I Can Licensed Behavior Analyst PLLC, et al.*, Index No.: 525685/2024 and *Green Tree Capital LLC v. Yes I Can Licensed Behavior Analyst PLLC, et al.*, Index No.: 526076/2024 (collectively referred to as the "Second Judgment"). **Exhibit C**.

<u>**ARGUMENT**</u>

B&B Law seeks dismissal of this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). This Action should be dismissed against B&B Law for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and (5). Alternatively, this action should be dismissed based on *res judicata*. In any event, all of Plaintiffs' claims should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because they are all erroneously based on non-existent usury and/or non-existent fraud in the formation of the MCA Agreement. Finally, the case should be dismissed because the claims against B&B Law are legally meritless.

I.     <u>**THE COURT LACKS SUBJECT MATTER JURISDICTION.**</u>

Plaintiffs assert subject matter jurisdiction of this Court based on: (1) 28 U.S.C. § 1331 federal question jurisdiction for alleged violations of the Racketeer Influenced and Corruption Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO"); (2) supplemental jurisdiction for the state law

claims; and (3) 28 U.S.C. § 2201 for a declaratory judgment.  ECF Doc 1, ¶¶ 50-52.

The Court must dismiss this case because, as set out below, it does not have subject matter jurisdiction because: (1) *Rooker-Feldman* doctrine precludes jurisdiction; (2) New York law vesting exclusive jurisdiction for a plenary action to challenge a confession of judgment in the court in which the confession of judgment is filed also precludes jurisdiction; (3) the RICO claims do not support federal question jurisdiction because there is no legal or factual basis to the claims— they have been added merely as a fig leaf to justify filing this action in federal court; and (4) supplemental jurisdiction is not tenable because New York law, not federal law, pervades the state law claims, and absent the RICO claims there is no basis to retain jurisdiction over the claims.

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires that a claim be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "In a motion to dismiss [for lack of subject matter jurisdiction] pursuant to Fed. R. Civ. P. 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both."  *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001).  Federal Rule of Civil Procedure 12(h)(3) requires that if the court determines that it lacks subject-matter jurisdiction, the court must dismiss the action.  Plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.  *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996); *In re Joint E.&S. Dist. Asbestos Litig.*, 12 F.3d 726, 730 (2d Cir. 1993).

## A. The *Rooker-Feldman* Doctrine Deprives the Court of Subject Matter Jurisdiction to Hear Plaintiffs' Claims.

The Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) because *Rooker-Feldman* Doctrine deprives the Court of subject matter jurisdiction.

The *Rooker-Feldman* Doctrine confirms that District Courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v Saudi Basic Indus. Corp.*, 544 US 280, 284 (2005). A case must be dismissed pursuant to *Rooker-Feldman* where "[f]irst, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced." *Sykes v Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94 (2d Cir. 2015). To put it succinctly, as the Second Circuit Court of Appeals often does, "federal courts lack subject matter jurisdiction over claims that effectively challenge state-court judgments." *Worley v. Meyrowitz*, 2023 WL 7528560, *6 (2d Cir. 2023). To be clear, the District Courts "cannot review or undo the state-court judgment" because "asking a federal court to undo a state court judgment is the paradigm situation in which Rooker-Feldman precludes a federal district court from proceeding." *Id.* at *7.

First, Plaintiffs are the judgment debtors pursuant to the Second Judgment. Second, Plaintiffs' entire theory against B&B Law is a complaint of injuries caused by a state-court judgment. ECF Doc. 1, ¶¶43-45; ECF Doc. 18, ¶¶43-45 (complaining that they filed the Plaintiffs' affidavits of confession that resulted in judgments against them); ECF Doc. 1, ¶123; ECF Doc. 18, ¶123 (complaining about the judgment); and ECF Doc. 1, ¶193; ECF Doc. 18, ¶193 (complaining that their injury was collecting upon the judgment and "filing papers in state court"). Third, Plaintiffs explicitly invite review of the new Judgment. ECF Doc. 1, ¶275; ECF Doc. 18, ¶293. Fourth, there can be no dispute that the Second Judgment was entered in favor of B&B Law's

clients and against the Plaintiffs herein on September 23, 2024, before this action was filed on September 29, 2024.  ECF Doc. 1, ¶275; ECF Doc. 18, ¶293.

Plaintiffs' contention that their claims are tertiary standalone claims is objectively wrong. "*Rooker-Feldman* is at least as broad as the principles of *res judicata*, and applies, at a minimum, when claim preclusion would bar the federal action." *Pharr v Evergreen Garden, Inc.*, 123 F. App'x 420, 423 (2d Cir. 2005).  New York's *res judicata* rule serves as a bar to actions seeking relief that is inconsistent with an existing New York judgment, would impair or destroy rights or interests established as elements for a New York judgment, and claims which could have been asserted as defenses to the judgment. *Henry Modell & Co. v. Minister, Elders & Deacons of the Reformed Protestant Dutch Church*, 68 N.Y.2d 456, 461 (N.Y. 1986). New York's *res judicata* rule is such that it will even preclude litigation of any claim where the elements are contradictory to the elements giving rise to the judgment, even if the claimant was not permitted to raise its claim in the prior matter. *Id*.

**B.  The Court Does Not Have Subject Matter Jurisdiction to Modify New York State Judgments.**

Contrary to Plaintiffs' contentions, New York law grants subject matter jurisdiction to vacate or modify a final judgment only to the Court that entered the judgment. *Chestnut Hill Real Estate v Contrs. Cas. & Sur. Co.*, 280 A.D.2d 446 (2d Dept. 2001); *Gkanios v Gkanios*, 233 A.D.2d 367 (2d Dept. 1996); *Jones v H. Ronald Buttarazzi & Assocs., P. C.*, 204 A.D.2d 1018 (4th Dept. 1994); *Terezakis v Goldstein*, 168 Misc. 2d 298 (Sup. Ct. NY Cty. 1996).  Thus, only the Supreme Court, County of Kings, could have subject matter jurisdiction to issue a decision that could have the practical effect of reversing, modifying, or vacating a judgment entered in the Supreme Court, County of Kings.  This is strictly construed and even New York Courts will rigidly dismiss an action to vacate or modify a final judgment that is filed in a different court.  *Jones*, 204 A.D.2d at

1019 (a confessed judgment entered in the Rochester City Court cannot be vacated by the Supreme Court, County of Monroe); *Gkanios*, 233 A.D.2d at 367 (a confessed judgment entered by the Supreme Court, County of Westchester cannot be vacated by the Supreme Court, County of Putnam); *Chestnut Hill Real Estate*, 280 A.D.2d 446 (2d Dept. 2001) (a judgment entered by the Supreme Court, County of Nassau cannot be modified by the Supreme Court of the State of New York, County of Suffolk). Here, the Second Judgment was entered in Kings and only Kings would ever have jurisdiction over such claims.

**C. The Court Does Not Have Federal Question Jurisdiction Because There Is No Basis for the Federal RICO or Conspiracy Claims.**

The Court should dismiss this action, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction because Plaintiffs have not alleged anything even approaching plausible RICO claim over which the Court could contend there is federal question jurisdiction.

The party asserting jurisdiction bears the burden of proving that the Court has subject matter jurisdiction. *Nachbaur v. St. Luke's-Roosevelt Hosp. Ctr.*, 1996 U.S. App. LEXIS 15376, *2 (2d Cir. June 25, 1996). Plaintiffs first and second causes of action assert federal claims for RICO under 18 U.S.C. § 1962 and for Conspiracy to commit a RICO violation under 18 U.S.C. § 1962(d). While a RICO claim may form the basis for federal question jurisdiction, the Court can dismiss the action for lack of subject matter jurisdiction if the plaintiff failed to allege facts sufficient to state a RICO claim, or if the RICO claim is immaterial and made solely for the purpose of obtaining jurisdiction. *Nachbaur*, 1996 LEXIS 15376, at *3.

As against B&B Law, as more fully set forth below, Plaintiffs' only specific allegations involve B&B Law practicing law. ECF Doc 1, ¶¶43-45, 123, 193, and 214; ECF Doc 18, ¶¶43-45, 123, 193, and 214. Plaintiffs identify no misdeeds, no malfeasance, no misrepresentations, no criminality, nothing approaching knowing involvement in a RICO enterprise, let alone control of

a RICO enterprise by B&B Law in the Complaint or the Amended Complaint. Plaintiffs' inclusion of B&B Law is facially meritless. Nevertheless, citing nothing and relying entirely on bare conclusion, Plaintiffs assert that B&B Law's attorneys are RICO persons and that B&B Law is part of a RICO enterprise. ECF Doc. 1, ¶¶194-95; ECF Doc. 18, ¶¶194-95.

Moreover, reading the Complaint, the Amended Complaint, and considering all of Plaintiffs' submissions in their failed injunction motion, it is evident that Plaintiffs have not alleged *and cannot allege* any ripe RICO injuries, Plaintiffs' RICO conspiracy is utterly devoid of allegations of fact pertaining to a conspiracy, and Plaintiffs have not even alleged a substantive RICO violation. ECF Doc. 29, pp.29-35. Moreover, Plaintiffs' theory that they can sue opposing counsel for RICO if they believe opposing counsel engaged in frivolous or even fraudulent litigation activity in a single case has been rejected by the Second Circuit Court of Appeals. *Kim v. Kimm*, 884 F.3d 98 (2d Cir. 2018). Plaintiffs' pleading is nothing more than meritless theories about state law under Article 52 of the CPLR, CPLR § 3218, and references to New York's usury laws cloaked in a frivolous shroud of RICO conclusions to justify filing this action in federal court.

For the foregoing reasons, the Court should dismiss this action for lack of subject matter jurisdiction.

### D. The Court Should Decline to Exercise Supplemental Jurisdiction Over the State Law Claims

The Court should decline to exercise supplemental jurisdiction over Plaintiffs' third and fifth claims, which are purely state law claims.

Plaintiffs take as a given that the Court may exercise supplemental jurisdiction over claims that are so related to the any federal claims that they form the same case or controversy. 28 U.S.C. § 1367(a). However, the district courts may decline to exercise supplemental jurisdiction over a claim, if "(1) the claim raises a novel or complex issue of State law, (2) the

claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Plaintiffs' third and fifth claims, as well as Plaintiffs' fourth claim seeking declaratory judgment, all attempt to raise complex issues of New York state law governed by Article 52 of the New York C.P.L.R., C.P.L.R. §3218, and N.Y. Pen. Law §190.40 and 42. According to the Complaint, the state law questions regarding New York's usury laws, New York's confession of judgment laws, and New York's judgment execution laws substantially predominate and control Plaintiffs' purported RICO claims. The only other basis for the RICO claims, fraudulently inducing Plaintiffs to enter into the MCA, was dismissed by Justice Boddie in the state court action. **Exhibit C**, p. 7. New York law pervades every aspect and every claim in the Complaint and Amended Complaint. The RICO claims from which Plaintiffs contend federal question jurisdiction is derived are the legal equivalent of the emperor's new clothes – utterly devoid of substance.

## II.   THE COURT LACKS PERSONAL JURISDICTION OVER B&B LAW.

Pursuant to Fed. R. Civ. P. 12(b)(2) and (5), the Court must dismiss this action against B&B Law because they have not been served and the Court lacks personal jurisdiction over them.

As this Court has previously explained: "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (citation omitted). When "a defendant challenges service of process, the burden of proof is on the plaintiff to show the adequacy of service." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010)." *Astor Chocolate Corp. v Elite Gold Ltd.*, 2020 US Dist. LEXIS 78862, *13 (S.D.N.Y. May 5,

2020).  Where a party has not been properly served process, the action should be dismissed against that party for lack of personal jurisdiction.  *Agbor v Presidency of the Republic of Eq. Guinea*, 2019 US Dist. LEXIS 108862, *29 (S.D.N.Y. June 27, 2019).

Here, none of the B&B Law defendants have been served the Summons and Complaint or Summons and Amended Complaint via any method permitted by law.  *See* Accompanying Declarations.  Because they have not been served and Plaintiffs do not even claim to have served them, dismissal for lack of personal jurisdiction is required.

### III.    PLAINTIFFS' CLAIMS ARE BARRED BY RES JUDICATA.

All of Plaintiffs' claims are meritless because they are barred by *res judicata*.  This has already been briefed at length; for the purposes of preserving valuable judicial resources and avoiding unnecessary duplication, B&B Law incorporates the *res judicata* briefing from its prior brief in opposition to Plaintiffs' failed preliminary injunction motion.  ECF Doc. 29, pp.14-16.  In sum, Plaintiffs' claims challenging the underlying agreement's validity are barred by *res judicata* because a final judgment enforcing the same agreement was already entered.

### IV.    PLAINTIFFS' HAVE FAILED TO STATE A CLAIM AGAINST B&B LAW.

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted."  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must meet minimal pleading requirements and should be dismissed under Rule 12(b)(6) where the complaint makes "conclusory allegations unsupported by factual assertions."  *De Jesus v. Sears*, F.3d 65, 70 (2d Cir. 1996).  A complaint cannot withstand a motion to dismiss if it constitutes only threadbare

recitals of a cause of action, supported by only conclusory statements. *Ashcroft*, 556 U.S. at 678. On a motion to dismiss, the court may consider "documents incorporated in [the complaint] by reference." *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001).

**A. B&B Law Should Be Dismissed as Defendants Because Plaintiffs Cannot Sue B&B Law for Representing Their Client.**

New York does not regard with favor a party suing its adversary's lawyer for representing his or her clients. *Lep Transp., Inc. v. Renaissance Int'l Textiles, Ltd.*, 131 A.D.2d 374, 376 (1st Dept. 1987). The "public interest * * * demands that attorneys, in the exercise of their proper functions as such, shall not be civilly liable for their acts when performed in good faith and for the honest purpose of protecting the interests of their clients." *Gifford v. Harley*, 62 A.D.2d 5, 7 (3rd Dept. 1978). Thus, when suing an attorney the bar is even higher and "[t]he attorney may be held liable to third parties only if he or she has been guilty of fraud or collusion or of a malicious or tortious act." *Id.* at 7-8. To hold opposing attorneys liable for conduct incident to litigation, the claimant must show an injury and that "the attorney has been guilty of fraud or collusion, or of a malicious or tortious act." *Hahn v Wylie*, 54 A.D.2d 629 (1st Dept. 1976). A claim against counsel will not survive dismissal where it alleges "nothing more than conscientiously representing his client." *Lep Transp., Inc.*, 131 A.D.2d at 376. The standard for suing an attorney representing a client is even higher than that imposed by *Noerr-Pennington* doctrine.

Regardless of which claim they refer to, the acts that Plaintiffs allege B&B Law perpetuated come down to filing and enforcing judgments by confessions, and allegedly inflating an attorneys' fee award. Specifically, Plaintiffs assert only that B&B Law: violated RICO by: "collecting upon this illegal debt and filing papers in state court asserting grossly inflated attorney's fees in order to freeze and extort a larger sum from Plaintiffs;" and participating in a "criminal enterprise" as "the attorneys that the other Defendants use to unlawfully freeze and levy

against victim's bank accounts and other assets, fraudulently induce 'settlement' agreements and releases, and collect upon the unlawful loans." ECF Doc 1, ¶¶ 193, 214. Plaintiffs further allege that "[t]he attorney Defendants knowingly participate in this breach [of the MCA Agreement] and tortiously enforced a contract that they know or should have known was unlawful." ECF Doc 1, ¶ 249. Stripped of Plaintiffs' hyperbole and conclusory assertions, Plaintiff has not even alleged facts that would suggest anything more than the most basic representation of a client, let alone zealous representation.

**What Plaintiffs continually fail to mention throughout their papers is that the Plaintiffs confessed to the entry of judgment including that 25% attorneys' fee award. Thus, Plaintiffs are suing B&B Law and accusing them of being criminals for filing an undisputedly valid affidavit of confession of judgment in state court and seeking the exact relief to which the Plaintiffs confessed in favor of B&B Law's clients.** In Plaintiffs' own affidavits of confession of judgment, they confessed that:

> 7. YES I CAN LICENSED BEHAVIOR ANALYST PLLC. / TRIUMPH BEHAVIORSUPPORTLLC / YES I CAN SERVICES, INC. / METROPOLITAN MENTAL HEALTH PC / ZAREPHATH INC. / YIC REALTY AZ LLC. / YICIF LLC. agreed that, in the event it was in default under the terms of the Merchant Agreement as described above, it would confess judgment in the Supreme Court of the State of New York, County of Kings, in favor of Plaintiff in the sum of $3,749,999.00 less any payments made hereunder, plus simple interest thereon at the annual rate of sixteen (16%) per annum from the date of default until full repayment, plus costs and disbursements, plus legal fees to Plaintiff calculated at twenty five percent (25%) of the total aforesaid sums.

> 8. YES I CAN LICENSED BEHAVIOR ANALYST PLLC. / TRIUMPH BEHAVIORSUPPORTLLC / YES I CAN SERVICES, INC. / METROPOLITAN MENTAL HEALTH PC / ZAREPHATH INC. / YIC REALTY AZ LLC. / YICIF LLC. hereby confess judgment and authorize entry of Judgment in the Supreme Court of the State of New York, County of Kings, in favor of Plaintiff in the sum of $3,749,999.00 less any payments made hereunder, plus simple interest thereon at the annual rate of sixteen (16%) per annum from the date of default until full repayment, plus costs and

disbursements, plus legal fees to Plaintiff calculated at twenty five percent (25%) of the total aforesaid sums.

ECF Doc. 11-9, pp.7-8 and 14-15. Thus, Plaintiffs' principal assertion in this case against B&B Law – an allegation that they filed for a judgment that "grossly inflated attorney's fees in order to free and extort a larger sum from Plaintiffs" – is objectively false. ECF Doc. 1, ¶ 193; ECF Doc. 18, ¶ 193. B&B Law did nothing more than file affidavits of confession of judgment that are in accordance with the exact terms that Plaintiffs confessed judgment.

Despite having submitted multiple briefs and two pleadings in this action, Plaintiffs have not cited any authority that would even suggest that their allegation is actionable under any legal theory. Is there any authority anywhere holding that B&B Law's ordinary representation of a client is actionable for including an attorneys' fee award in an application to enter judgment when the putative judgment debtors undisputedly confessed to judgment including those attorneys' fees? The answer is unsurprisingly "No." *MPAK Inc. v Merchant Funding Servs., LLC*, 2020 N.Y. Misc. LEXIS 7022 (Sup. Ct. Orange Cnty. Oct. 7, 2020) ("[T]his Court finds no authority by which an attorney may be held personally liable for the attorney fee portion of a Judgment by Confession obtained by Affidavit Confession Judgment" and "no authority to support plaintiffs' contention that an attorney's filing of an Affidavit of Confession and Confession of Judgment are sufficient to demonstrate intent to deceive.").

What is deceptive, malicious, tortious, or fraudulent about an attorney filing a request to enter judgment that explicitly tracks the affiant's express confession? Nothing. This is fatal to all of Plaintiffs' claims against B&B Law. There are no actionable allegations against them.

**B. Plaintiffs Have Not Pled Anything Even Approaching Viable RICO Claims Against B&B Law**

Plaintiffs' RICO claims, the first claim for RICO and second claim for RICO conspiracy, are facially meritless. They appear to largely consist of copy and pasted portions of the legal conclusions from the Amended Complaint in *Singh v. The LCF Group, Inc.*, Supreme Court, Nassau County, Index No.: 601297/2023, [NYSCEF Doc. 14](#)[2].

In *Kim v. Kimm*, 884 F.3d 98 (2d Cir. 2018), the Second Circuit considered a RICO claim against an attorney. While they declined to hold that all RICO actions based on litigation activity are categorically meritless in all circumstances, they concluded that "a single frivolous, fraudulent, or baseless lawsuit....cannot constitute a viable RICO predicate." *Id.* at 105. The Court noted that other Circuits had long concluded that allegations of filing malicious and frivolous papers in litigation did not give rise to RICO claims. *Id.* at 104.

This is not a case where B&B Law have been found to spam the courts with frivolous filings, have engaged in fraud, collusion or some independent malicious and/or tortious acts. Plaintiffs' complaint against B&B Law is that the judgment by confession included an attorneys' fee award against Plaintiffs, which they contend was inappropriate. That is all that they allege when all their conclusory, hyperbolic window dressing is removed.

B&B Law was indisputably not a party to the MCA Agreement, is not alleged to control the parties, is not alleged to have made any representations, or to have participated in any non-legal conduct. B&B Law is not alleged to have knowingly agreed to participate in an underlying RICO violations. The complete absence of fact allegations that would give rise

---

[2] In *Singh v LCF Group, Inc.*, 2023 NY Slip Op 33014[U] (Sup. Ct. Nassau Cnty. 2023) (Commercial Division), the Court dismissed that action because the Agreements were not loans subject to usury laws under controlling law and all of the plaintiff's claims hinged upon that theory. As a result, the Court did not need to address the multitude of other defects found throughout the pleading – many of these defects are repeated in Plaintiffs' Amended Complaint in this action.

to a RICO claim against B&B Law was previously detailed in B&B Law's opposition to
Plaintiff's failed preliminary injunction motion. ECF Doc. 29, pp.29, 33-37. Furthermore, as
detailed at length in B&B Law's opposition brief, Plaintiffs have not even pled facts that could
form the basis for a ripe RICO injury. ECF Doc. 29, pp.29-33. Additionally, as detailed in
B&B Law's opposition brief, Plaintiffs' RICO claims also fail more broadly against every
party because: a) Plaintiffs have not pled a substantive RICO violation; b) Plaintiffs' usurious
loan theory fails as a matter of law based upon the terms of the underlying Agreement; c)
Plaintiffs' usurious loan theory fails because the transaction was for an amount above the
threshold for usury laws to even apply in New York - $2,500,000; and d) Plaintiffs' argument
that the underlying agreement was void for usury is barred by *res judicata* and *Rooker-
Feldman* doctrine. ECF Doc. 29, pp.21-29.

For the purposes of avoiding unnecessary duplication, B&B Law expressly
incorporates these arguments from its prior brief as though fully set forth herein.

**C. Plaintiffs' Breach of Contract and Fraud Claims Fail as Against B&B Law.**

Plaintiffs' claims for breach of contract and fraud – the third, fourth and seventh claims of
the Amended Complaint – cannot be directed at B&B Law and should be dismissed as against
B&B Law. Plaintiffs' only conclusory allegation against B&B Law, unsupported by any facts, is
that "attorney Defendants knowingly participated in this breach and tortiously enforced a contract
that they knew or should have known was unlawful." Attorneys requesting entry of a judgment in
favor of clients, litigating in Court, and utilizing state court legal procedures is not a factual basis
for a breach of contract or fraud claim.

A stranger to a contract between two parties cannot be held liable to a party for breach of
the contract absent an express agreement to be liable. *New York Tel. Co. v. Teichner*, 69 Misc. 2d

135, 136 (Sup. Ct. Suffolk Cnty. 1972). B&B Law are undisputedly not parties to the underlying Agreement. Consequently, they cannot be liable for breach of the Agreement.

Similarly, a person or entity that neither made a misrepresentation of fact nor caused a misrepresentation of fact to be made cannot be liable for fraud. *Kirschner v JPMorgan Chase Bank, N.A.*, 2021 US Dist. LEXIS 189919 (S.D.N.Y. Sep. 30, 2021) (explaining that two defendants could not be liable for misrepresentations that they did not control, authorize, cause, or make). Here, B&B Law are not alleged to have made any false statements to induce Plaintiffs to enter into an agreement and not alleged to have controlled, authorized, or caused misrepresentations to be made.

Without even addressing the other defects in these claims, there are no facts upon which B&B Law can be named as a defendant for the third, fourth, or seventh claims – they are not proper defendants to such legal theories and not alleged to have engaged in any actionable conduct. There is simply nothing in the Complaint that even suggests B&B Law had any involvement in this case until they were hired as counsel post-breach.

Accordingly, the Court must dismiss Plaintiffs' third, fourth, and seventh claims against B&B Law.

**D. The Court Should Dismiss Plaintiffs' Request for Declaratory Judgment Claim.**

Plaintiffs' sixth cause of action is the classic case of a direct claim that Plaintiffs seek to mislabel to obscure the fact that black letter law holds that business entities and their guarantors cannot sue for usury in New York.

It is axiomatic that business entities and guarantors of business obligations are barred from asserting any claim sounding in usury, and may only assert criminal usury as an affirmative defense to a claim. *Arbuzova v. Skalet*, 92 A.D.3d 816 (2d Dept. 2012); *Intima-*

*Eighteen, Inc. v A.H. Schreiber Co.*, 172 A.D.2d 456 (1st Dept. 1991) ("The statutory exception for interest exceeding 25 percent per annum is strictly an affirmative defense to an action seeking repayment of a loan...").

The Plaintiffs, a business entity and its alleged guarantors, may not assert claims to declare that an agreement was a loan or to recover allegedly usurious interest. *Intima-Eighteen, Inc. v. A.H. Schreiber Co.*, 568 N.Y.S.2d 802 (1st Dept. 1991); *Schneider v. Phelps*, 41 N.Y.2d 238, 242 (N.Y. 1977); *Arbuzova v. Skalet*, 92 A.D.3d 816 (2d Dept. 2012); *Scantek Med., Inc. v Sabella*, 582 F. Supp. 2d 472, 474 (S.D.N.Y. 2008); *K9 Bytes, Inc. v Arch Capital Funding, LLC*, 56 Misc. 3d 807, 815 (Sup. Ct. Westchester Cty. 2017); *Colonial Funding Network, Inc. v. Epazz, Inc.*, 252 F. Supp. 3d 274, 279-280 (S.D.N.Y. 2017) ("New York law … allows a corporation to assert criminal usury as a defense, but not as a claim for affirmative relief."). As the Plaintiffs are businesses and their alleged guarantors, they are barred from asserting usury as the basis for any cause of action.

This is not some new theory to Plaintiffs' counsel; Mr. Neuman litigated this claim and lost earlier this year in another case. *Collins v MCA Receivables, LLC*, 2024 U.S. Dist. LEXIS 11505, *10-11 (S.D.N.Y. Jan. 23, 2024).  Nor is this some new concept for which there is a dearth of case law in federal court that Plaintiffs could have overlooked. Judge Karas opined at length about the lack of merit to contentions that business entities and their guarantors could sue for usury in *Streamline Consultants, Inc. v. EBF Holdings, LLC*, 2022 U.S. Dist. LEXIS 171085, *10-13 (S.D.N.Y. Sept. 20, 2022).  In 2017, Judge Stanton was presented with substantially similar claims and allegations in *Colonial Funding Network, Inc. v. Epazz, Inc.*, 2017 U.S. Dist. LEXIS 239479 (S.D.N.Y. April 14, 2017).  In that case, Judge

Stanton issued a *sua sponte* Order to Show Cause for potential sanctions against the counterclaimant's attorney. As explained by Judge Stanton:

> A serious question in this case involving claims of criminal usury (interest in excess of 25% per annum) is whether such a claim may be brought by a corporation as a civil claim or counterclaim to impose liability upon a lender, or can only be used as a defense against a lender's action seeking repayment of a loan.

*Id.* at *2. The counterclaimant's attorney argued that businesses entities and their guarantors could assert usury as the basis for a claim but did so by using brackets and ellipses to obscure the fact that the authorities they cited – like the authorities cited by the counterclaim defendants – all held that businesses entities and their guarantors could assert usury purely as an affirmative defense, but not as the basis for a claim. *Id.* at 83. Here, while Plaintiffs' counsel does not stoop to the level of deliberate misquotes like the attorney in *Epazz*, Plaintiffs have nonetheless made the patently meritless contention that they have a likelihood of success on their usury claim while they are fully aware that they are barred from asserting usury as a claim. ECF Doc. 7, p.17.

Plaintiffs' usury theory also fails because: a) transactions were not loans subject to usury laws; and b) the transaction was above the monetary threshold for which usury laws would apply even if they had been loans. For the purposes of avoiding unnecessary duplication, Plaintiffs incorporate their arguments on this point from their previously filed opposition brief. ECF Doc. 29, pp.19-29. However, even if usury could be a claim and even if the transactions could be subject to usury laws– and to be sure, neither is true– dismissal would still be required. B&B Law would not be proper defendants to such a claim. They are not the alleged lenders or servicers of a loan– just attorneys that represented a client in a legal proceeding.

**E.  The Court Should Dismiss Plaintiffs' Wrongful Restraint and Execution / Trespass to Chattel Claim.**

Plaintiff's newest claim in their Amended Complaint for wrongful restraint and execution or trespass to chattel must be dismissed.

Insofar as Plaintiffs argue that B&B Law should be personally liable for enforcing a judgment that Plaintiffs contend was vacated, their claim is frivolous. The New York State Court of Appeals conclusively resolved this question three years ago - the exclusive avenue for relief from state court judgment enforcement is under CPLR Article 52. *Plymouth Venture Partners, II, L.P. v GTR Source, LLC,* 37 N.Y.3d 591, 595 (N.Y. 2021). CPLR 5240 motions can include awards of restitution where warranted. *Id*. at 602. In Plymouth Venture Partners, the Court rejected a plethora of older pre-CPLR cases and lower court decisions that had built upon those cases over the years, which all sought to impose tort liability for various issues arising from judgment enforcement. *Id*. at 599 and 603.

Notwithstanding the clear dictates and sweeping[3] holding of the Court of Appeals in *Plymouth*, Plaintiffs' counsel will argue that case was factually distinguishable because the judgments in *Plymouth* were undisputedly valid whereas here the First Judgment was vacated.  The distinction is irrelevant – it does not change the conclusion issued by the Court of Appeals that the exclusive remedy from judgment enforcement devices is CPLR Article 52, not tort claims.  The key facts are essentially indistinguishable from *Plymouth*, Plaintiffs are still judgment debtors complaining about judgment enforcement under CPLR Article 52 and they are subject to valid final judgments.

---

[3] The use of the word "sweeping" is deliberate.  The Court of Appeals explained that the CPLR had enacted a sweeping change in the law and intended to make clear that allegedly aggrieved judgment debtors could pursue their sole avenue for relief in CPLR 5240 applications.

However, Plaintiffs' theory would have failed even under the pre-*Plymouth* authorities. The state court in this case did not hold that Plaintiffs had no payment obligation or that the underlying contract was void when it vacated the First Judgment.  It did not hold that it lacked jurisdiction or that the First Judgment was the product of fraud.  It made an order vacating the First Judgment that was without prejudice to re-filing without the attorneys' fee award or with supporting documentation for the fee award.  Pre-*Plymouth*, the Court would still dismiss Plaintiffs' claims for lack of damages.

Pre-*Plymouth*, a showing of actual damages was a necessary element to the tort claims. *Simon v. GTR Source, LLC*, 2019 U.S. Dist. LEXIS 221111 (S.D.N.Y. Dec. 26, 2019).  Dismissal is warranted where "claim lacks that most fundamental of legal elements necessary to support a viable cause of action – any demonstrable damages."  *Commercial Union Assurance Co. PLC v. Milken*, 17 F.3d 608, 612 (2d Cir. 1994).  Where a judgment-creditor's execution on a judgment was alleged to have been improper, the judgment-debtor will not have a claim for tort damages if the funds collected are applied to the judgment-debtor's balance due under the judgment.  *Bam Bam Entm't LLC v. Pagnotta*, 2018 NY Slip Op 28109, 59 Misc. 3d 906, 75 N.Y.S.3d 804 (Sup. Ct. Kings Cty. 2018); *Simon v. GTR Source, LLC*, 2019 U.S. Dist. LEXIS 221111.  Similarly, a claim arising from a wrongful seizure or forfeiture of property will fail for lack of damages if the money received is used to pay a valid debt.  *See United States v. Marshall*, 338 F.3d 990 (9th Cir. 2003).

In fact, more broadly, it is well established that a party suffers no recoverable damages if he is wrongfully – even fraudulently – induced to do something which he is already under a legal obligation to do, such as pay an outstanding money obligation.  *Marc Dev. v. Wolin*, 904 F. Supp. 777, 793 (N.D. Ill. 1995); *Williams v. Seterus, Inc.*, No. 2:19-cv-00693-ACA, 2020 U.S. Dist.

LEXIS 10408, *8 (N.D. Ala. Jan. 22, 2020)  Similarly, an account holder has no tort damages where it alleges that a bank improperly honored an unauthorized check if the payment was used to discharge a debt owed by the account holder.  *Indus. Sav. Bank v. People's Funeral Serv. Corp.*, 296 F. 1006, 1007 (D.C. Cir. 1924) ("By paying the check a debt of the corporation was discharged; therefore it sustained no damage by the act of the bank in paying it.").  Simply put, a party has no cognizable tort damages where the money is used to pay an existing debt or obligation. *Salkey v. State Farm Life Ins. Co.*, 2019 NYLJ LEXIS 1994, *9 (Sup. Ct. Broome Cty. June 11, 2019).

**F.  The Individual Plaintiffs Have No Claims Against B&B Law.**

The individual Plaintiffs have no basis for seeking any relief from B&B Law.  It is axiomatic that an individual business owner cannot assert individual claims for actions taken against a company unless the individual business owner can show a separate, direct personal injury.  "[A] shareholder has no individual cause of action to recover damages for a wrong against a corporation..."  *Albany-Plattsburgh United Corp. v Bell*, 307 A.D.2d 416, 419 (3d Dept. 2003). A business owner may be personally aggrieved and suffer a financial loss as a result of a harm done to a company that he or she owns, but he or she does not have standing to assert a claim absent the tortfeasor causing him or her a separate, direct personal injury.  *Liberty Sackets Harbor LLC v. Vill. of Sackets Harbor*, 776 F. App'x 1, *3 (2d Cir. 2019).  The business is the only party with even a theoretical basis to assert standing for a claim.  *Pagan v. Calderon*, 448 F.3d 16, 29-30 (1st Cir. 2006) (noting that a shareholder/guarantor's claim must fail where his injury derives from the injury to the company).

Plaintiffs do not allege any collections from the individual Plaintiffs have taken place. Rather, they imply that any collections have been directed at one or more business Plaintiffs.

Under the circumstances, they have utterly failed to allege any individual injuries against B&B Law.

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should dismiss this case for lack of subject matter jurisdiction, based on res judicata, or for failure to state a claim.  Alternatively, the Court should dismiss all claims as against B&B Law and dismiss B&B Law Defendants from the case for lack of personal jurisdiction or for failure to state a claim.

WHEREFORE, B&B Law respectfully requests that this Honorable Court issue an Order dismissing this case, or alternatively dismissing B&B Law Defendants from the case, and granting B&B Law such other and further relief as the Court deems just and proper.

Dated: October 17, 2024

/s/ Christopher R. Murray
Christopher R. Murray, Esq.
Murray Legal, PLLC
Attorneys for Defendants
*Ariel Bouskila,*
*Steven Berkovitch,*
*Berkovitch & Bouskila, PLLC*
170 Old Country Rd., Suite 608
Mineola, New York 11501
Tel: 516-260-7367
E-Mail: cmurray@murraylegalpllc.com

***To Via NYSCEF***:
Counsel for all parties