UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YES I CAN LICENSED BEHAVIOR ANALYST
PLLC *et al.*,

                                Plaintiffs,

                  -v-

GREEN TREE CAPITAL LLC *et al.*,

                                Defendants.

24 Civ. 7360 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On November 8, 2024, plaintiff Yes I Can Licensed Behavior Analyst PLLC ("Yes I Can") filed a notice of interlocutory appeal of the Court's October 9, 2024 Order, *see* Dkt. 30 (the "Order"), which denied preliminary relief to Yes I Can on the grounds that plaintiffs could not show a likelihood of success on the merits insofar as, *inter alia*, it "overwhelmingly" appeared that this Court "lacks subject matter jurisdiction over the action" under the *Rooker-Feldman* doctrine, which precludes federal courts from adjudicating claims "brought by state-court losers complaining of injuries caused by state-court judgments." *Id.* (citing *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)). Following that appeal, on November 26 and 27, 2024, defendants Berkovitch & Bouskila, PLLC, Steven Berkovitch, and Ariel Bouskila (collectively, "B&B Law") and defendant Green Tree Capital LLC ("Green Tree") filed separate motions to dismiss the underlying action. Dkts. 37, 41.

The filing of a notice of appeal is jurisdictionally significant—it "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also New York State NOW v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) (when an interlocutory

1

appeal is filed, the district court is divested of jurisdiction over "the questions raised and [to be] decided in the order that is on appeal."). Accordingly, although the filing of an interlocutory appeal does not terminate the district court's jurisdiction over the case as a whole, it does "terminate[] the district court's consideration and control over those aspects of the case that are on appeal." *Id.*; *see also id.* at 1349 ("[I]t is a waste of judicial resources for two courts to be considering the same issues in the same case at the same time.").

Here, the motions pending before this Court raise substantially the same jurisdictional issues pending before the Second Circuit on interlocutory appeal. The Court thus concludes that, in the interests of judicial economy and to avoid inconsistent rulings, such is a circumstance where a "stay is desirable." *See Terry*, 886 F.2d at 1350; *see also United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) ("The divestiture of jurisdiction rule is . . . not a *per se* rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." (citation omitted)); *see also, e.g.*, *Edrei v. City of New York*, No. 16 Civ. 1652, 2017 WL 3822744, at *1 (S.D.N.Y. Aug. 31, 2017) (issuing a discretionary stay where issues on interlocutory appeal "overlap[ped]" with those pending before the district court); *Pen Am. Ctr., Inc. v. Trump*, No. 18 Civ. 9433, 2020 WL 5836419, at *4 (S.D.N.Y. Oct. 1, 2020) (issued stay pending interlocutory appeal where "resolution of [the] preliminary matter may decide the entire case"); *Broker Genius Inc. v. Seat Scouts LLC*, No. 17 Civ. 8627, 2019 WL 452050, at *4 (S.D.N.Y. Feb. 5, 2019) (concluding that, "because defendants' [interlocutory] appeal from the preliminary injunction is currently pending before the Second Circuit, this Court does not have jurisdiction" to resolve overlapping questions pending before the district court); *Flo & Eddie, Inc v. Sirius XM Radio Inc.*, No. 13 Civ. 5784, 2015 WL 585641, at *4 (S.D.N.Y. Feb. 10, 2015)

("[J]udicial economy strongly favors staying the proceedings pending resolution of the legal question at the core of this action.").

For the foregoing reasons, the case is hereby stayed pending the Second Circuit's resolution of the interlocutory appeal. For avoidance of doubt, the stay does not affect the Court's jurisdiction over other matters in the case, and the Court reserves the right to lift the stay if circumstances so change.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: May 1, 2025
        New York, New York